## MARTHA WASHINGTON CREAMERY BUTTERED FLOUR CO. *v.* MARTIEN.

*(Circuit Court, E. D. Pennsylvania.   February 15, 1889.)*

TRADE-MARKS—RIGHT TO USE—PURCHASER OF MACHINE FOR PREPARING THE ARTICLE.

In a suit to restrain the infringement of a trade-mark complainant alleged a license to defendant to use the trade-mark and machine for manufacturing the article bearing it, and a default in paying royalties.  Defendant alleged that he had purchased of complainant's predecessor machines for making the article, and suited to no other purpose.  It did not appear that such purchase had any connection with the license, or that its use was subject to restriction or revocation.  On motion for preliminary injunction, *held,* that defendant may use the machine until worn out, and sell the article made by it, and that as the trade-mark appears to be intended to designate the article manufactured by the invention, and not that made by complainant personally, defendant may use it on the article so made by him.

In Equity.

On motion for preliminary injunction.    Suit by the Martha Washington Creamery Buttered Flour Company of the United States, Limited, against Alfred Martien, individually and as trading as the Brunswick Manufacturing Company, to restrain the infringement of a trade-mark for prepared flour.    Complainant alleged a license to defendant to use the trade-mark, together with the machines covered by certain letters pat-

ent, in the manufacture and sale of the flour. This license contained covenants by defendant to make returns and pay royalties. Defendant contended tha̋t at the request and solicitation of complainant's assignor he had expended a large sum of money in the purchase of mixing-machines for manufacturing such prepared flour, and that such machines were constructed and adapted solely to that purpose.

*Walter D. Edmonds,* for complainant.

*Horace Pettit,* for defendant.

BUTLER, J. In disposing of motions for preliminary injunction it is not usual to assign reasons, where the motion is disallowed. To avoid misunderstanding, however, in this case, it is proper to say that the unanswered allegation of the respondent, (found in his deposition,) that he purchased machines of the complainant's predecessor, Thorpe, at large expense, designed for manufacturing the flour referred to in the bill, and suited to no other purpose, stands in the way of allowing the motion, without reference to other important questions raised by the record and presented on the argument. It does not appear that the purchase of these machines had any connection with the contract of license referred to in the bill, nor that their use was subject to restriction or revocation. On the contrary, judging by what is before me, the purchase was entirely independent of this contract, and conferred the same rights on the respondent that he would have taken if no such contract existed. These rights are to use the machines until worn out, in the manufacture of flour which they are designed to make, and to sell the same in the market. This flour the respondent may lawfully represent to be the flour described in the bill, by the use of labels, and otherwise. In so doing he imposes on no one, and transgresses no one's rights. · The privilege of using the labels originally adopted by Thorpe, the inventor, extends to every one who acquires his right to manufacture and vend the flour. These labels were not intended to designate the flour manufactured by the inventor personally, or any particular individuals to whom he transfers rights, but the especial kind and quality of flour covered by his invention. To allow the motion would therefore be improper. At final hearing the case may present a different aspect. As presented, the complainant might possibly be entitled to an injunction so limited and confined as to avoid the difficulty above stated. This, however, I have not felt called upon to consider in disposing of the motion before me. I would suggest the propriety of preparing the case, as well as the two others pending, intimately connected with it, speedily, for final hearing, when the court may enter a decree with full knowledge of all facts involved.